IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF

MISSISSIPPI

JACKSON DIVISION



**Darrious Baker, 136993,**

    Plaintiff

Civil Action No.

3:25-CV-731-DPJ-ASH

V

**Defendants**
**MDOC ET AL.,**

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
(42 U.S.C. § 1983)

---

### I. JURISDICTION AND VENUE

1. This action is brought pursuant to 42 U.S.C. § 1983 for violations of Plaintiff's rights under the United States Constitution.
2. This Court has jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. § 1343.
3. Venue is proper in this district under 28 U.S.C. § 1391(b), as the events giving rise to these claims occurred at Central Mississippi Correctional Facility in Pearl, Rankin County, Mississippi.

---

## II. PARTIES

1. Plaintiff:
Darrious Baker, 136993, is an inmate currently incarcerated at Wilkinson County Correctional Facility, 2999 U.S. Highway 61 North, Woodville, MS 39669.

2. Defendants:
i. Denise Bone, Superintendent Central Mississippi Correctional Facility, Pearl, MS.

ii. James Woods, Warden Central Mississippi Correctional Facility, Pearl, MS.

iii. Major Latonya Cavett Disciplinary Hearing Officer, Central Mississippi Correctional Facility, Pearl, MS.

iv. Lieutenant Kenya Smith: Disciplinary Hearing Officer, Central Mississippi Correctional Facility, Pearl, MS.

v. Cheryl Morey Disciplinary Hearing Officer, Central Mississippi Correctional Facility, Pearl, MS.

vi. Dorsa Ann Smith: Correctional Officer, Central Mississippi Correctional Facility, Pearl, MS.

vii. Shenika Lynch: Criminal Investigations Division, Central Mississippi Correctional Facility, Pearl, MS.

ix. Lillie Stewart: Criminal Investigations Division, Central Mississippi Correctional Facility, Pearl, MS.

x. Kameshia Feazell: Criminal Investigations Division, Central Mississippi Correctional Facility, Pearl, MS.

xi. Mario Grady: Criminal Investigations Division, Central Mississippi Correctional Facility, Pearl, MS.

xii. Kenya Smith: Disciplinary Hearing Officer, Central Mississippi Correctional Facility, Pearl, MS.

xiii Varsharske Anderson: Central Mississippi Correctional Facility, Pearl, MS.

xiv. Valenthia Shorts- Bradley: Correctional Officer, Central Mississippi Correctional Facility, Pearl, MS.

Burl Cain, MDOC Commissioner Central Mississippi Correctional Facility, Pearl, MS.

All defendants are sued in their individual and official capacities.

1.

## III. EXHAUSTION OF ADMINISTRATIVE REMEDIES

1.      Plaintiff has exhausted all available administrative remedies as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a). Plaintiff filed grievances regarding the false disciplinary charges, lack of due process, retaliatory actions, and interference with the grievance process, and completed all levels of the facility's grievance process to the best of Plaintiff's ability. Copies of grievances and responses are attached where available.

---

## IV. STATEMENT OF FACTS

1.      In November 2024, while incarcerated at Central Mississippi Correctional Facility (CMCF), Plaintiff was issued two Rule Violation Reports (RVRs) for alleged disciplinary infractions. These RVRs were not supported by credible evidence and were directly contradicted by a written statement from Officer Bradley, who corroborated Plaintiff's innocence.

2. Officer Bradley's exculpatory statement was submitted as part of the disciplinary process, but Plaintiff was informed that this documentation had been "lost" and was not considered. Plaintiff was found guilty of both RVRs despite the existence of clear exculpatory evidence.

3. Deputy Warden Smith and Major Levine were aware of the circumstances and have acknowledged that the RVRs were illegitimate and unwarranted.

4. In March 2025, Plaintiff hand-delivered an ARP form to Deputy Warden Smith. Plaintiff has received no response to date.

5. Plaintiff sent multiple written correspondences inquiring about the ARP status but received no replies. This lack of response denied Plaintiff meaningful access to the grievance process.

6. On or about May 30, 2025, while incarcerated at Central Mississippi Correctional Facility (CMCF) in Pearl, Mississippi, Plaintiff was falsely accused of a C5 Rule Violation Report (RVR), which is classified as a major disciplinary infraction under Mississippi Department of Corrections (MDOC) policy.

7. The original C5 RVR investigation report did not include Plaintiff's name in either the narrative or the list of involved individuals. Despite this critical omission, Plaintiff was

nevertheless charged and subjected to disciplinary proceedings as if he were specifically named in the report.

8. On June 2, 2025, while Plaintiff was working as a mental health peer support, Plaintiff was summoned by disciplinary staff in the hallway of A building West Central Area. Plaintiff was informed that he was being charged with a C5 Rule Violation Report (RVR) authored by the Criminal Investigations Division (CID). Plaintiff was not provided with any advance notice of the charge or an opportunity to prepare a defense. Plaintiff was found guilty of the RVR that had been served on Friday, May 30, 2025, solely because the RVR originated from CID, without any independent review of the facts or evidence. The guilty RVR itself specifies that both the investigation and the disciplinary hearing took place on June 2, 2025—the same day Plaintiff was notified of the charge. The entire process was perfunctory and lacked any semblance of impartial adjudication or procedural fairness, in violation of Plaintiff's rights under the Fourteenth Amendment to the United States Constitution.

9. This procedure blatantly violates Plaintiff's right to due process and directly contradicts Mississippi Department of Corrections (MDOC) policy and procedures, which require adequate notice, a meaningful opportunity to be heard, and impartial adjudication in disciplinary

proceedings.

10. Plaintiff was not provided with an opportunity to present evidence or call witnesses in his defense. Latonya Cavett, disciplinary hearing officer failed to address the fact that Plaintiff's name was not included in the RVR report and did not allow Plaintiff to review the evidence or documentation used against him.

11. As a direct result of this wrongful conviction, Plaintiff was transferred from CMCF (Central Mississippi Correctional Facility) to Wilkinson County Correctional Facility. Fabricated documents were entered into the MDOC system, falsely alleging that Plaintiff failed to appear for the disciplinary hearing, despite a prior guilty finding.

12. Following Plaintiff's abrupt transfer, Plaintiff's family sent several written correspondences to facility officials, expressing concern about the lack of evidentiary support for the disciplinary action and the sudden change in Plaintiff's housing status. Despite these efforts, on June 13, 2025—three days after Plaintiff had already been moved from CMCF to Wilkinson County—Varsharske Anderson (CMCF employee) placed Plaintiff in closed custody. The timing and circumstances of this action strongly suggest that it was taken in retaliation for the family's advocacy and protected speech on Plaintiff's behalf.

13. The placement in closed custody, with its highly restrictive and punitive conditions, constitutes

cruel and unusual punishment under the Eighth Amendment, especially given the absence of a legitimate penological justification and the lack of due process. The retaliatory nature of the placement also infringes upon Plaintiff's First Amendment rights, as it was directly related to the family's exercise of their right to petition and advocate for Plaintiff.

14. Staff at both CMCF and Wilkinson County have informed Plaintiff that those designated to assist inmates with grievances and legal matters are refusing to do so due to fear and intimidation by CID members.

15. The failure to process Plaintiff's ARP, the loss of exculpatory evidence, the fabrication of records, and the refusal to address the illegitimacy of the RVRs constitute a persistent pattern of harassment, retaliation, and denial of due process.

16. As a result, Plaintiff was transferred and placed in closed custody, enduring atypical and significant hardship, including 23-hour lockdown, restricted visitation, and loss of access to programs and services.

17. The actions of the defendants were arbitrary, capricious, and retaliatory, and were taken

under color of state law.

### IV. **STATEMENT OF FACTS (Supplemental and Expanded)**

18.  Plaintiff's attempts to challenge the disciplinary action through the Administrative Remedy Program (ARP) were met with repeated delays, summary denials, and a lack of meaningful review. Plaintiff submitted written correspondence inquiring about the status of the previously submitted ARP related to the November 2024 RVRs, as well as a new ARP challenging the C5 RVR served on May 30, 2025.

19.  The new ARP for the May 30, 2025, C5 RVR was summarily denied by Warden Woods without justification, even though Plaintiff had previously been found innocent on another false C5 RVR authored by the Criminal Investigations Division (CID). No explanation or evidence was provided to support the denial, further demonstrating the arbitrary and retaliatory nature of the disciplinary process.

20.  The pattern of issuing false disciplinary reports and denying legitimate grievances has created a chilling effect on Plaintiff's willingness to exercise his rights, as any attempt to seek redress is met with further retaliation or indifference.

21.  As a result of these actions, Plaintiff has suffered severe psychological distress, including

anxiety, depression, and a sense of hopelessness. The placement in closed custody has resulted in scarce interaction with family members, further exacerbating Plaintiff's emotional suffering and isolation.

22. The repeated issuance of false disciplinary reports and the refusal to correct the record have led to a misrepresentation of Plaintiff's character within the correctional system. These actions have had devastating implications for Plaintiff's eligibility and prospects for parole, as the disciplinary record is a critical factor considered by the parole board.

23. The cumulative effect of these actions constitutes a continuing violation of Plaintiff's constitutional rights and has caused ongoing and substantial harm to Plaintiff's mental health, family relationships, and future opportunities for release.

## V. CLAIMS FOR RELIEF

Count 1: Denial of Due Process (Fourteenth Amendment)

Defendants deprived Plaintiff of due process by failing to consider exculpatory evidence, losing

documentation, and upholding illegitimate disciplinary convictions.

Count 2: Retaliation and Harassment (First and Fourteenth Amendments)

Defendants engaged in harassment and retaliation by ignoring evidence, failing to process grievances, and transferring Plaintiff to closed custody in response to Plaintiff's attempts to seek redress.

Count 3: Interference with Access to the Courts and Grievance Process (First and Fourteenth Amendments)

Defendants obstructed Plaintiff's access to the grievance process and the courts by failing to respond to ARP submissions and by losing or refusing to process time-sensitive documents.

Count 4: Violation of Due Process—Improper Burden of Proof

During the disciplinary process, the Criminal Investigations Division (CID) accused Plaintiff of being a gang leader and required Plaintiff to prove his innocence. This procedure is fundamentally flawed and violates established legal standards. In prison disciplinary proceedings, the burden of proof rests with the State or the accusing authority, which must establish guilt by a preponderance of the evidence. Requiring the accused to prove innocence is a clear violation of due process under the Fourteenth Amendment.

This practice directly contravenes the holding in Denia Marshall v. MDOC, et al., No. 3:17-cv-00134-HTW-LRA (S.D. Miss. 2019), where the court explicitly held that the burden of proof in disciplinary proceedings lies with the Mississippi Department of Corrections, not the inmate. The

court ordered that MDOC must not require inmates to prove their innocence but rather must present sufficient evidence to support any disciplinary conviction.

Furthermore, the Supreme Court in Wolff v. McDonnell, 418 U.S. 539 (1974), established that inmates are entitled to minimum due process protections, including advance written notice of the charges, an opportunity to call witnesses and present evidence, and a written statement of the evidence relied upon and the reasons for the disciplinary action. Shifting the burden to the inmate to prove innocence is inconsistent with these due process protections.

In Plaintiff's case, the CID's accusation of gang leadership was not supported by any evidence in the RVR narrative or investigation report. Instead, Plaintiff was told he must prove his innocence, and the guilty verdict was rendered automatically because the RVR was authored by CID. This not only violates the preponderance of the evidence standard but also disregards the court's order in Denia Marshall v. MDOC, et al. and the requirements of Wolff v. McDonnell. Plaintiff is entitled to expungement of the RVR and appropriate relief.

## VI. RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Enter judgment in favor of Plaintiff and against Defendants;

B. Declare that Defendants' actions violated Plaintiff's constitutional rights;

C. Award compensatory damages for emotional distress, loss of privileges, and other injuries;

Case 3:25-cv-00731-DPJ-ASH   Document 1   Filed 09/26/25   Page 12 of 14

12

D. Award punitive damages as appropriate;

E. Order injunctive relief requiring Plaintiff's release from closed custody and expungement of the false RVRs from Plaintiff's record;

F. Order the implementation of procedures to ensure proper handling of grievances and legal mail;

G. Award costs and any other relief the Court deems just and proper.

---

## VII. JURY DEMAND

Plaintiff requests a trial by jury on all issues so triable.

---

Respectfully submitted,

Darrious Baker, 136993

Wilkinson County Correctional Facility

2999 U.S. Highway 61 North

Woodville, MS 39669

**EXHIBITS**

Table of Contents – Exhibits

Exhibit 1: CID Gang Activity Report

Exhibit 2: Order in Denia Marshall v. MDOC, et al

Exhibit 3: Original C5 RVR Investigation Report

Exhibit 4: |Appeal denial /ARP

Exhibit 5 : Affidavit of Darrious Baker (Lack of Response)

Exhibit 6 : MDOC Policy Excerpt/ Gang Activity

Exhibit 7: MDOC RVR Appeals

|Exhibit 8: Unresolved ARP # for C8& B11 RVR

Exhibit 9: Letter Addendum

**CERTIFICATE OF SERVICE**

I certify that a copy of this complaint and all attachments are being mailed to the Clerk of Court for the United States District Court for the Southern District of Mississippi on 15th day of September 2025.

Darrious Baker, 136993

15th day of September 2025